United States District Court
Southern District of New York

---

NISSAN NOTOR ACCEPTANCE
COMPANY LLC,

                     Petitioner,

v.                                       25 CV 3021 (CM)

JOVAN FLUDD,

                     Respondent.

---

### DECISION AND ORDER GRANTING PETITIONER'S MOTION TO CONFIRM ARBITRATION AWARD

McMahon, J.:

Petitioner Nissan Motor Acceptance Company LLC ("NMAC") has filed a motion asking this Court to confirm the arbitration award entered in *Jovan Fludd v. Nissan Motor Acceptance Company LLC*, American Arbitration Association Case No. 01-23-0003-6202, in the amount of $42,147.71, as rendered by Arbitrator Jack Clarke on behalf of the American Arbitration Association, on December 4, 2024. The arbitration resolved Petitioner's claim that Respondent failed to remit monthly payments to Respondent on a retail installment sale contract for the purchase of 2023 Nissan Sentra, VIN# 3N1AB8DV4PY272265.[1] Petitioner also asks that the Court award it $4,145.00 in attorneys' fees, and $405.00 in costs.

Background

On April 11, 2025, NMAC filed a Petition to Confirm the Final Award of the arbitrator rendered in the arbitration initiated by Respondent Jovan Fludd against NMAC. The Arbitrator granted NMAC's Motion for Summary Disposition by Order dated December 4, 2024, and

---

[1] Apparently, Mr. Fludd purchased two 2023 Nissan Sentra from NMAC, and failed to make installment payments toward either vehicle. Judge Naomi Reice Buchwald confirmed NMAC arbitration award for non-payment on one of the vehicles (VIN# 3N1AB8DV8PY249197), on August 12, 2025. (*See* 25 CV 3025 (NRB), Dkt 10).

entered the Final Award adopting the Summary Disposition Order on May 20, 2024. (Dkt. 1-1).

Respondent was served on April 17, 2025. (Dkt. 6). On April 21, 2025, Respondent filed with the court a document stating that he does not "consent" to these proceedings, and that there is no contract requiring his participation in this litigation. (Dkt. 7-3). To that filing he attached a check in the sum of One Dollar, which remains uncashed; he alleges that acceptance of the dollar "settles" and "closes" this case.

### The Federal Arbitration Act

The Federal Arbitration Act ("FAA") provides a "streamlined" process for a party seeking to confirm an arbitration award. "Confirmation of an arbitration award under the statute is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court,' and the court 'must grant' the confirmation unless grounds exist to vacate, modify, or correct the award." *Bryne v. Charter Communications, Inc.*, 581 F.Supp. 3d 409, 422 (D. Conn 2022), quoting *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006). A party opposing confirmation has the burden of proof and "the showing required to avoid confirmation is very high." *A&G Coal Corp. v. Integrity Sales, Inc.*, 565 Fed. Appx. 41, 42 (2d Cir. 2014) (summary order), citing *Gottdiener*, supra 462 F.2d at 110.

### Petitioner's Motion to Confirm

Respondent has failed to establish any ground that would result in vacatur, modification or correction of the arbitration award. The document he filed with the Clerk of Court relies on Respondent's "sovereign citizen," debt protestor ideologies, wherein he claims he is the trust JOVAN L FLUDD's executor, Jovan L Fludd. This is the same argument Respondent advanced in the arbitration; it was rejected by the arbitrator and has been found to be frivolous in federal courts in New York and across the nation. *Barton v. Clark*, 2023 WL 6929178, at *6, 23-cv-5827 (S.D. NY Oct. 19, 2023); *Greene v. Pryce*, 2015 WL 4987893, at *3, 15-cv-3527 (E.D. NY Aug. 18, 2015); *Cooper v. United States*, 104 Fed. Cl. 306, 313-14 (2012) (citation omitted)

(noting the use by "redemptionist" movement adherents to argue for rights premised on a name's initial capitalization, distinguishing the fictitious entity with capitalized letters); *McKenna v. Obama*, 2016 WL 5213940, at *1, 3:15-cv-335 (N.D. Fla. Aug. 19, 2016); *Dinsmore-Thomas v. Ameriprise Fin. Inc.*, 2009 WL 2431917, at *6, 08-cv-578 (C.D. Cal. Aug. 3, 2008); *Ray v. Williams*, 2005 WL 697041, at *%, 05-cv-04863 (D. Ore. Marc. 24, 2005). Respondent has thus failed to rebut NMAC's presumptive entitlement to confirmation of the Final Award.

Conclusion

The Petition to confirm the Final Award is granted and a Judgment based on such Final Award will be entered, together with attorneys' fees in the amount of $4,145.00 and $405.00 in costs. Post-judgment interest shall accrue at the statutory rate.

The Clerk of the Court is directed to terminate the motion at Docket # 7. The letter to the court at Docket #8 was erroneously docketed as a motion; it should be stricken from the court's list of open motions. The Respondent mistakenly sent his response to the motion to chambers rather than posting it on ECF; the Clerk is directed to docket the Respondent's response (including the check) as Docket #9 and to docket this decision as Docket #10.

Dated: New York, New York
       October 14, 2025

_____
U.S.D.J.

BY ECF TO COUNSEL
BY FIRST CLASS MAIL TO RESPONDENT