USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
FILED: 12/2/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x

NISSAN MOTOR ACCEPTANCE
COMPANY LLC,

                Petitioner,

       v.                                             25-cv-3021 (CM)

JOVAN FLUDD,

                Respondent.

---------------------------------------------------------x

## ORDER DIRECTING RETURN OF FUNDS

McMahon, J.:

    Nissan Motor Acceptance Company has obtained an arbitration award against Jovan L. Fludd in the amount of $42,147.71, which was confirmed by this Court, and judgment entered thereon in an opinion and order dated October 14, 2025 (see Dkt. No. 11 for the decision granting Nissan's motion to confirm the award and Dkt. No. 12 for the order entering judgment). Mr. Fludd, who took several unorthodox positions during the course of both the arbitration and the subsequent litigation in this Court (see decision on motion to confirm arbitration award at Dkt. No. 10), indicated, for example, that he did not "consent" to the confirmation proceeding and attached a non-negotiable check for $1.00 (One Dollar), claiming it to be in full satisfaction of the award. The court was not impressed with Mr. Fludd's reasoning.

    On November 13, the Pro Se Office of the court recorded receipt of a letter from Mr. Fludd in which he claimed to have "assigned my equitable interest" in some unspecified property "to the court via special deposit for settlement and closure of this matter." Dkt. No. 13. His letter further stated:

> I appointed this court as the fiduciary for executing the required performance. As the subrogee, I now stand in the shoes of the creditor and wish to exercise my right to subrogation. I request that the court perform its fiduciary duty to ensure the plaintiff/creditor releases the commercial liens on the vehicle title (collateral) to me, the beneficiary, immediately. It is not fair for me to assign my equitable interest for settlement

1



and closure and not have the collateral returned to me.

*Id.* To this rather extraordinary document, Mr. Fludd attached a money order in the amount of $5.00 (Five Dollars), on which he wrote "paid in full." The Clerk of Court has asked me what to do with this, since the court normally does not accept checks or money orders containing the words "paid in full" without receiving permission from Chambers to do so.

Needless to say, I have not authorized the Clerk of Court to cash the money order, and instead am directing that it be returned to Mr. Fludd by first class mail. In the same envelope, the Clerk should also include the $1.00 non-negotiable check. One first-class stamp is sufficient; the Court should incur no special costs to return these items to Mr. Fludd.

My message to Mr. Fludd is straightforward: you have no assignable interest, and even if you did, you could not assign it to the Court. You are not a subrogee of anything, and you have no right of subrogation to exercise. Nissan Motors Acceptance Corporation has a judgment against you for $42,147.71. That judgment was entered on October 17, 2025, and the time to take an appeal from the judgment and underlying order has expired. The docket does not indicate that any notice of appeal was filed; therefore, the judgment is final. It can be satisfied only by payment directly to Nissan of the full amount awarded by the arbitrator, together with interest calculated from the date of the judgment. The Court has no "fiduciary duty" to any party and will not enter any order indicating that the judgment has been satisfied – something only the Court, not the Clerk of Court, can do – until notified by Nissan (not Mr. Fludd) that it has received full payment thereon.

Until the judgment is paid in full, the Court has no basis to direct Nissan to release any lien it may have on Mr. Fludd's vehicle or to return any collateral it may be holding against what was once a loan and is now a judgment debt. The only thing that is "not fair" is for Mr. Fludd to continue refusing to pay Nissan the money he owes it. Finally, the court does not accept payment of the judgment; the money should be paid directly to Nissan.

I am authorizing the Clerk of Court to use one first-class stamp to return the "check" and the money

2

order to Mr. Fludd. They should be returned immediately. Should Mr. Fludd send any further letters containing legal jargon he clearly does not understand, or attempting to satisfy his obligation to Nissan with any nominal amount – or any amount – paid to the Court rather than Nissan, I will direct the Clerk to destroy any check, money order, or other instrument.

If Mr. Fludd finds anything objectionable in this order, he may file a notice of appeal with the Clerk of Court and take the matter to the Second Circuit. Otherwise, this Court is done with Mr. Fludd and will ignore any subsequent communications from him. This case is closed. The Clerk is directed to terminate it.

Dated: December 2, 2025

_____
U.S.D.J.

BY ECF TO COUNSEL FOR NISSAN
BY FIRST CLASS MAIL TO MR. FLUDD

3